IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BILLY LANE WELCH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-132-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for Writ of Habeas Corpus filed by petitioner BILLY LANE WELCH, a state prisoner confined in the Neal Unit. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

On February 23, 2017, petitioner was convicted of the September 15, 2016 felony offense of aggravated assault with a deadly weapon in Hardeman County, Texas and assessed a 6-year sentence of imprisonment. *State v. Welch*, No. 4,341. After being credited with pre-sentence incarceration time, petitioner's begin date for his 6-year sentence was calculated as December 6, 2016.

On July 15, 2017, after serving just over 1 ½ years of his 6-year sentence, petitioner became eligible for early release from confinement to parole. Petitioner has been through the parole review process at least once, the last time being January 2020 at which time he was denied early

release to parole and given a 1-year set off. Petitioner's next parole review is set for January 2021.

On May 21, 2020, petitioner submitted correspondence to this Court which was filed as the instant federal *Petition for a Writ of Habeas Corpus* under 28 U.S.C. § 2254. [ECF 3]. In his pleading, petitioner indicates he is seeking "consideration for [the] release process from the Texas Department of Criminal Justice system." Petitioner specifically asserts that "[a]ccording to House Bill 1433," he is "not having credit applied toward consideration for release equally" and seeks to have the Court "recognize and rectify this" because House Bill 1433 "affects [his] incarcerat[ion], continued punishment." In a supplemental brief, petitioner asserts House Bill 1433 is unconstitutional because it "conflicts with substantive due process of the 5th and 14th Amendment[s] of the United States Constitution," violates the prohibition against ex post facto laws, and is otherwise discriminatory. [ECF 8]. In his brief, petitioner requests the Court issue an order for his "sentence discharge based on the accumulation of good time/work time/flat time credits." [*Id*. at 8]. In response to an Order of the Court to show cause why his federal habeas application should not be denied, petitioner appears to argue House Bill 1433 violates rulings from a 1972 class action civil rights suit challenging conditions in the Texas prisons which eventually resulted in prison management reforms. [ECF 9]. In this response, petitioner requests the Court order he "be released to community supervision on parole as soon as possible." [*Id*. at 3].

## II.
## MERITS

"HB 1433" was legislation proposed in 1995 in the Texas House of Representatives that amended Section 8(c) of Article 42.18 of the Texas Code of Criminal Procedure in two respects: (1) it prevented those previously convicted of crimes ineligible for mandatory supervision from

eligibility for any future conviction, regardless of the current offense, and (2) it provided the Board of Pardons and Parole with the authority to review all inmates eligible for mandatory supervision to determine if they should, in fact, be released to mandatory supervision.  Specifically, the legislation provided a discretionary aspect to mandatory supervised release by authorizing the Board to prevent the a prisoner's release to mandatory supervision if the panel determines (1) the prisoner's accrued good conduct time is not an accurate reflection of their potential for rehabilitation, and (2) that their release would unreasonably endanger the public.[1] The legislation eventually became effective September 1, 1996.

Petitioner is currently serving a sentence for the offense of aggravated assault.  At the time petitioner committed the aggravated assault on September 15, 2016, Texas law stated:

> An inmate may not be released to mandatory supervision if the inmate is serving a sentence for . . . a first degree felony or a second degree felony under Section 22.02 [of the Texas] Penal Code [aggravated assault].

*See* Tex. Gov't Code § 508.149(a)(7) (2016).   Petitioner is not eligible, and never has been eligible, for early release from confinement to mandatory supervision on his 6-year sentence. Petitioner's confinement and the execution of his sentence have in no way been affected by HB 1433 and its amendment to the Texas Code of Criminal Procedure that became effective twenty (20) years prior to petitioner's commission of the aggravated assault offense.   Petitioner has not and cannot demonstrate HB 1433 has violated any of his constitutionally protected rights. Petitioner's constitutional challenges to HB 1433's application to the execution of his sentence are completely baseless and without merit and should be denied.

Petitioner's minimum and maximum expiration/ projected release/sentence discharge date

---

[1] https://www.legis.state.tx.us/tlodocs/74R/billtext/html/HB01433F.htm

is December 6, 2022. Petitioner's early release from confinement prior to this date is limited solely to parole or other extraordinary means. Decisions by the Texas Board of Pardons and Paroles as to an inmate's early release on parole are discretionary. Consequently, a prisoner does not have a federal constitutional right to be released to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Likewise, a Texas prisoner does not have a state-created constitutional right to release to parole. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995); 37 Tex. Admin. Code § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release."). Because Texas inmates have no protected liberty interest in release to parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (stating Texas prisoners cannot challenge any state parole review procedure on procedural or substantive due process grounds); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions).

Therefore, to the extent, if any, petitioner is arguing he has been deprived of any constitutionally protected federal right by the denial of parole or by the 1-year set-off imposed for his next consideration for release to parole, petitioner's argument is without merit. Federal habeas corpus relief is available only to remedy violations of a petitioner's federal constitutional rights and petitioner has no liberty interest in obtaining parole.[2]

---

[2] It also appears petitioner has not presented his claims to the highest state court so as to exhaust his state court remedies, and that petitioner may have submitted his federal habeas application more than a year after he could have discovered, with due diligence, the nature of his claims, thereby failing to comply with the 1-year statute of limitations applicable to federal habeas corpus petitions.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the federal habeas corpus application filed by petitioner BILLY LANE WELCH be DENIED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 7, 2020.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54/FCR/WELCH-132.DNY-HB1433:2